# IN THE COURT OF APPEALS OF IOWA

No. 19-1561
Filed September 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILLIAM FRANK FETNER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

William Fetner appeals following his guilty plea to possession of a controlled substance (marijuana), third or subsequent offense, and driving while barred. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

William Fetner pled guilty to possession of a controlled substance (marijuana), third or subsequent offense, and driving while barred. The district court sentenced him to two prison terms not exceeding two years, to be served consecutively. The court's reasons for the sentence included Fetner's extensive criminal history and the absence of rehabilitation. The court then stated: "I am terrified you've been helping in a day care. I would think that if the parents knew your history, they would definitely pull their children out of, you know, any day care. It's not safe for you to be caring for children if you're under the influence."

On appeal, Fetner contends the court considered an "impermissible" and "irrelevant" factor in accepting "the allegation that [he] worked at a daycare center while under the influence of a controlled substance." *See State v. Chapman*, 944 N.W.2d 864, 876 (Iowa 2020) ("When the district court considers impermissible factors in making a sentencing decision, we remand for a new hearing.").[1] But Fetner's attorney raised both facts in seeking mitigation of the sentence. She stated:

> One of the issues [Fetner] does have is the anxiety [and he is] . . . not very consistent with taking his medications so the marijuana

---

[1] The State argues Fetner's appeal should be dismissed under a recent amendment to Iowa Code section 814.6, which states there is no right of appeal from a guilty plea unless the defendant establishes "good cause." *See* Iowa Code § 814.6(1)(a)(3) (2019)); *State v. Macke*, 933 N.W.2d 226, 236 (Iowa 2019) (refusing to apply the amendment to a judgment of conviction entered before the effective date of the statute). We decline the State's invitation. Although the judgment in this case was entered after the effective date of the amendment, the supreme court recently held the good-cause requirement is satisfied "when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

seems like basically a way to self-medicate for the anxiety that he feels. . . . [Fetner] has a home . . . with a significant other and the two of them, along with, I believe, a third person, are running a day care center and so he helps where he can there in an effort to keep the expenses down for their home but also to provide for the family.

The district court asked Fetner if there was anything he wished to add. He responded, "No." In light of Fetner's acquiescence in his attorney's representations, we conclude the district court did not consider an impermissible or irrelevant factor in incorporating those representations in the statement of reasons for the sentence.

We affirm Fetner's judgment and sentence.

**AFFIRMED.**